Vincent A. Lupiano, J.
Plaintiff moves for summary judgment. On the purchase by the plaintiff of the subject property, the defendant insured the title. This action is based upon the title certificate. The defendant contends that the objection raised by plaintiff is included among the exceptions contained therein.
It is plaintiff’s contention that when it sought to resell the property it learned that the property was incumbered by a lien; that such lien arose by reason of an acquisition map dated December, 1949 and approved by the Commissioner of Public Works in the County of Nassau on the 17th day of January, 1950 and that such map incumbered and marked for acquisition a certain strip of land on plaintiff’s property: “ The strip of land along Foxhurst Avenue from Windsor Parkway, 14,71 feet in depth, to Fox Avenue, at a depth of 14.51 feet.”
The subject property was acquired by the plaintiff in August, 1960. Plaintiff made application to the Zoning Board of the Town of Hempstead for permit to build. The Zoning Board and the Board of Zoning Appeals of the Town of Hempstead, ruled that the setback for plaintiff’s proposed construction could not include the strip and the strip thus incumbered was not available for use by the owner. Upon the closing of plaintiff’s contract with its proposed purchaser, the latter refused to close by reason of such claimed lien and incumbrance. Defendant has cross-moved for summary judgment. It relies on Schedule C of the *43 exceptions, made part of the title insurance policy; among the exceptions is the following: ‘ ‘ Zoning restrictions or ordinances imposed by any governmental body.”
Accordingly, defendant argues that since plaintiff was required to make application to the Zoning Board, what was here involved was a zoning restriction and not a lien or incumbrance. It appears, however, that what was involved, as plaintiff claims, was a lien or incumbrance by virtue of the acquisition map and liens and incumbrances are not exceptions under the title policy. And what the plaintiff sought before the Zoning Board was not a variance from a zoning regulation or restriction but a 1 ‘ variance ” whereby it would be relieved of the burden of the acquisition map and the lien thereof.
Defendant relies further upon the following conditions of the policy: “No claim for damages shall arise or be maintainable under this policy except in the following cases: (b) Where there has been a final determination adverse to the title, upon a lien or incumbrance not excepted in this policy.” (Emphasis supplied.)
Therefore, at least for the purpose of this argument, the defendant abandons the contention that a zoning restriction is involved, and it is defendant’s argument that there has been no final determination adverse to title. In a situation testing the existence of a lien or incumbrance, as is here involved, a private adversary is not required; and the proceedings which plaintiff had pursued before the Zoning Board and the Board of Zoning Appeals resulted in a final determination that the acquisition map constituted a lien and prohibited the plaintiff from building on the strip of the insured’s land.
Defendant relies on a further condition of the policy, as follows : “ (c) Where the insured shall have contracted in good faith in writing to sell the insured estate or interest, or where the insured estate has been sold for the benefit of the insured pursuant to the judgment or order of a court and the title has been rejected because of a defect or incumbrance not excepted in this policy and there has been a final determination sustaining the objection to the title.”
Plaintiff, as it states, has attempted to sell and, of course, there has been no final determination in connection therewith, however such final determination lastly referred to may not be required of the plaintiff here if, as indicated above, a final determination was had with respect to the proceedings before the Zoning Board and the Board of Zoning Appeals.
Defendant relies on a further policy condition, as follows:
‘ ‘ In case a purchaser or proposed mortgage lender raises any *44 question as to the sufficiency of the title hereby insured, or in case actual knowledge shall come to the insured hereby, or in case of the service on or receipt by the insured of any paper, or of any notice, summons, process or pleading in any action or proceeding, the object or effect of which shall or may be to impugn, attack or call in question the validity of the title hereby insured, the insured shall promptly notify this company thereof in writing at its main office and forward to this company such paper or such notice, summons, process or pleading. Delay in giving this notice and delay in forwarding such paper or such notice, summons, process or pleading shall not affect this company’s liability if such failure has not prejudiced and cannot in the future prejudice this company. ’ ’ There has been no notice in writing here although it may be noted that plaintiff claims that in these matters it was represented by one Mr. Roth, who was fully familiar with the facts and circumstances thereof, and that at such times Mr. Roth was vice-president of the defendant. On close examination of each of the elements of the above-quoted policy conditions, it will be found that it is not applicable to the situation here, for written notice is required: (1) where purchaser or mortgage lender questions sufficiency of title; (2) actual knowledge comes to the insured of any adverse claim to title; and (3) service on or receipt by the insured of a paper, notice, summons, process, or pleading whose object or effect shall or may be to impugn, attack, or question the validity of title. It seems to me that the existence of the acquisition map, assuming it creates a lien, the proceedings before the Zoning Board and Board of Zoning Appeals, and their determinations, are not to be considered as included in the above enumerations in the construction of this policy written and issued by the defendant.
It further appears that while no notice of any kind was given to the defendant on the application to the Zoning Board, the plaintiff claims that the defendant was invited and requested to assist the plaintiff with respect to the prosecution of the matter before the Board of Zoning Appeals and this would at least raise an issue whether any alleged “ delay in giving this notice * * * has not prejudiced and cannot in the future prejudice this company.”
Accordingly, the defendant’s cross motion for summary judgment dismissing the complaint must be denied.
Judgment cannot be awarded to the plaintiff for there has not been submitted to the court a proved copy of the acquisition map to enable the court to determine whether, as plaintiff contends, it does indeed create a lien. The determinations of the Zoning Board and the Board of Zoning Appeals also have not been *45 properly proved in order to determine the claimed fact that the acquisition map is a lien and was so adjudged. Accordingly, both motions are denied, with leave, however, to plaintiff to renew its motion on proper papers, if so advised.